UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| John Vaccaro,<br><br>      Plaintiff,<br><br>v.<br><br>Unique Scaffolding Systems, and Michael Benson,<br><br>      Defendants. | Civil Action No.:<br><br><br>COMPLAINT<br><br>JURY TRIAL DEMANDED |

Plaintiff John Vaccaro (hereinafter "Plaintiff"), by and through his attorneys at the Law Office of Jarred S. Freeman, Esq., LLC, allege, upon personal knowledge as to himself and upon information and belief as to other matters, as follows:

PRELIMINARY STATEMENT

1. Plaintiff, John Vaccaro, through undersigned counsel, bring this action against Unique Scaffolding Systems and Michael Benson, as individuals (hereinafter "Defendants"), to recover damages for egregious violations of federal and state overtime laws and unpaid wages arising out of Plaintiff's employment by Defendants at Unique Scaffolding Systems located at 812 Fairfield Avenue, Kenilworth, NJ 07033.

2. Plaintiff John Vaccaro was employed by Defendants at Unique Scaffolding Systems located at 812 Fairfield Avenue, Kenilworth, NJ 07033 as a truck driver, laborer and performing other miscellaneous duties from on or around September 26, 2018 to March 26, 2020.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

4. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

5. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

7. Plaintiff, John Vaccaro, residing at 2020 Grier Avenue, Linden, NJ 07036, was employed by Defendants from on or around September 26, 2018 to March 26, 2020.

8. Upon information and belief, Defendant, Unique Scaffolding Systems, is a corporation organized under the laws of New Jersey with a principal executive office 812 Fairfield Avenue, Kenilworth, NJ 07033.

9. Upon information and belief, Defendant, Unique Scaffolding Systems, is a corporation authorized to do business under the laws of New Jersey.

10. Upon information and belief, Michael Benson was the operations manager for Unique Scaffolding Systems.

11. Upon information and belief, Michael Benson managed Unique Scaffolding Systems.

12. Upon information and belief, employees of Unique Scaffolding Systems, including the Plaintiff, would discuss job related issues with Defendant Michael Benson.

13. Upon information and belief, Defendant Michael Benson handled the day-to-day operations at Unique Scaffolding Systems, including overseeing clients, employees, scheduling, and safety.

14. Upon information and belief, Defendant Michael Benson would supervise the truck drivers and laborers.

15. Upon information and belief, Defendant Michael Benson was responsible for maintaining the time sheets that reflected the hours worked by employees of Unique Scaffolding Systems, including the Plaintiff.

16. Upon information and belief, Defendant Michael Benson would review employee time sheets.

17. Upon information and belief, Defendant Michael Benson was the initial point of contact for employees of Unique Scaffolding Systems when there were issues with employees' pay or hours.

18. Upon information and belief, Defendant Michael Benson was an agent of Unique Scaffolding Systems.

19. Upon information and belief, Defendant Michael Benson had power over personnel decisions at Unique Scaffolding Systems.

20. Upon information and belief, Defendant Michael Benson was responsible for hiring employees, including the Plaintiff, at Unique Scaffolding Systems.

21. Upon information and belief, Defendant Michael Benson was responsible for firing employees, including the Plaintiff, at Unique Scaffolding Systems.

22. Upon information and belief, Defendant Michael Benson had power over payroll decisions at Unique Scaffolding Systems.

23. Upon information and belief, Defendant Michael Benson was responsible for setting the pay rate of employees at Unique Scaffolding Systems.

24. Defendant Michael Benson had the power to hire and fire employees at Unique Scaffolding Systems, establish and pay their wages, set their work schedule, and maintains their employment records.

25. During all relevant times herein, Defendant Michael Benson was Plaintiff's employer within the meaning of the FLSA and New Jersey Wage and Hour Law ("NJWHL").

26. On information and belief, Unique Scaffolding Systems is, at present and has been at all times relevant to the allegations in the Complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person; and (ii) has had an annual gross volume of sales of not less than $500,000.00

## FACTUAL ALLEGATIONS

27. Plaintiff John Vaccaro was employed by Defendants from on or around September 26, 2018 to March 26, 2020.

28. Plaintiff John Vaccaro was employed by Defendants 812 Fairfield Avenue, Kenilworth, NJ 07033 as a truck driver, laborer and performing other miscellaneous duties from on or around September 26, 2018 to March 26, 2020.

29. Plaintiff John Vaccaro worked approximately sixty (60) hours or more per week from on or around September 26, 2018 to March 26, 2020.

30. Plaintiff John Vaccaro was paid by Defendants approximately $27.50 per hour from September 26, 2018 to January 30, 2019, and $30.00 per hour from January 31, 2019 to March 26, 2020.

31. Although Plaintiff John Vaccaro worked approximately sixty (60) hours or more per week during the period of his employment by Defendants, Defendants did not pay Plaintiff time and a half (1.5) of the prevailing wage for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NJWHL.

32. Although Plaintiff John Vaccaro was paid approximately $27.50 or $30.00 per hour during the period of his employment by Defendants, Defendants did not pay Plaintiff the required prevailing wage. Plaintiff was never notified of the prevailing wages.

33. Upon information and belief, the appropriate prevailing wage was $67.50 per hour.

34. Upon information and belief, Defendants willfully failed to post notices of the minimum wage, prevailing wage, and overtime wage requirements in a conspicuous place at the location of their employment as required by both the FLSA and NJWHL.

35. Upon information and belief, Defendants willfully failed to keep payroll records as required by both the FLSA and NJWHL.

36. As a result of these violations of Federal and New Jersey State labor laws, Plaintiff seeks compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiff also seeks interest, attorney's fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## FIRST CAUSE OF ACTION
### Overtime Wages Under the Fair Labor Standards Act

37. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

38. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

39. At all times relevant to this action, Plaintiff was engaged in commerce or the production of goods for commerce within the meaning of 29 U.S..C. §§206(a) and 207(a).

40. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

41. Defendants willfully failed to pay Plaintiff's overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the prevailing wage, to which Plaintiff is entitled under 29 U.S.C. §206(a) in violation of 29 U.S.C. §07(a)(1).

42. Defendants' violations of the FLSA as described in this Complaint have been willful

and intentional. Defendants have not made any good faith efforts to comply with the FLSA with respect to the compensation of Plaintiffs.

## SECOND CAUSE OF ACTION
### Unpaid Wages Under The Fair Labor Standards Act

43. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

44. At all times relevant to this action, Plaintiff was engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

45. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

46. Defendants willfully failed to pay Plaintiff the prevailing wage rate for hours worked in violation of 29 U.S.C. §206(a).

47. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good faith effort to comply with the FLSA with respect to compensating the Plaintiffs.

48. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid prevailing wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(B).

## THIRD CAUSE OF ACTION
### Overtime Wages Under New Jersey Labor Law

49. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

50. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New Jersey Labor Law, N.J.S.A. 34 §§11-56a1 and 11-56a4.

51. Defendants failed to pay Plaintiff's overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the prevailing wage to which Plaintiff is entitled under New Jersey Labor Law, N.J.S.A. 34 §11-56a4.

52. Due to Defendants' New Jersey Wage and Hour Law violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid overtime wages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NJ Wage and Hour Law, N.J.S.A. 34 §11-56a25.

## FOURTH CAUSE OF ACTION
### Unpaid Wages Under The New Jersey Wage And Hour Law

53. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

54. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New Jersey Labor Law, N.J.S.A. 34 §§11-56a1 and 11-56a4.

55. Defendants failed to pay Plaintiff the prevailing wage rate for hours worked in violation of New Jersey Wage and Hour Law Chapter 11.

56. Due to Defendants' New Jersey Wage and Hour Law violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid wages in an amount equal

to their unpaid wages as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NJ Wage and Hour Law N.J.S.A. 34 §11-56a25.

## FIFTH CAUSE OF ACTION
### Violation of Notice and Recordkeeping Requirements of the New Jersey Wage and Hour Law

57. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

58. Defendants failed to provide Plaintiff with a written notice of his rate of pay, prevailing wages, regular pay day, and such other information as required by N.J.S.A. 12:2-1.3 and 34:11-56a et seq.

59. Defendants are liable to Plaintiff in the amount of $5,000.00 per Plaintiff together with costs and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be granted:

   a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiff's rights under the FLSA, the New Jersey Wage and Hour Law, and its regulations;

   b. Awarding Plaintiff unpaid overtime wages;

   c. Awarding Plaintiff unpaid prevailing wages for hours in which Defendants did not compensate Plaintiff fully;

   d. Awarding Plaintiff liquidated damages pursuant to 29 U.S.C. §216;

   e. Awarding Plaintiff prejudgment and post-judgment interest;

  f. Awarding Plaintiff the costs of this action together with reasonable attorneys' fees; and

  g. Awarding such and further relief as this court deems necessary and proper.

DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the Complaint.

DATED: September 7, 2021    BY: _____
               Hamill Patel, Esq.
               The Law Offices of Jarred S. Freeman
               3840 Park Avenue, Suite 202A
               Edison, NJ 08820
               Telephone: 732-494-7900
               Fax: 732-494-7904