<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**SUSAN D. WIGENTON**<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING COURTHOUSE<br>50 WALNUT ST.<br>NEWARK, NJ 07101<br>973-645-5903 |

April 29, 2022

Hamill Patel, Esq.
Law Office of Jarred S. Freeman, LLC
3840 Park Ave., Suite 202A
Edison, NJ 08820
*Attorney for Plaintiff*

Russell McEwan, Esq.
Michael Grosso, Esq.
David S. Ostern, Esq.
Littler Mendelson, P.C.
One Newark Center, 8th Floor
Newark, NJ 07102
*Attorneys for Defendants*

### <u>LETTER OPINION FILED WITH THE CLERK OF THE COURT</u>

**Re:**   *John Vaccaro v. Unique Scaffolding Systems and Michael Benson*
         **Civil Action No. 21-16657 (SDW) (JSA)**

Counsel:

Before this Court is Defendants Unique Scaffolding Systems and Michael Benson's (collectively, "Defendants") Motion to Dismiss Plaintiff John Vaccaro's ("Plaintiff") Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. (D.E. 11.) This Court having considered the parties' submissions, and for the reasons discussed below, **GRANTS** Defendants' motion.

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

Defendant Michael Benson is the operations manager for Defendant Unique Scaffolding Systems, a New Jersey corporation that employed Plaintiff as a truck driver and laborer from September 2018 through March 2020. (*See* Compl. ¶¶ 8, 10, 27–28.) Plaintiff alleges that Defendants did not pay him the legally required wages for his normal and overtime hours. (*See id.* ¶¶ 29–34.) Accordingly, Plaintiff filed a complaint with the New Jersey Department of Labor and Workforce Development ("NJDOLWD") on September 14, 2020. (*See* D.E. 14-1 (Supplemental Declaration of David Ostern, Esq. ("Ostern Decl.")) at Ex. B (NJDOLWD Complaint and Correspondence).) On July 13, 2021, a Wage Collection Referee appointed by the

NJDOLWD's Division of Wage and Hour Compliance (Wage Collection Section) held a hearing on the matter, and Plaintiff appeared *pro se*. (*See id.* at Ex. A (Video Recording of Hearing ("Agency Hearing")).) At the conclusion of the Agency Hearing, the Wage Collection Referee denied Plaintiff's claims. (*See id.* at Part II, 3:45–3:51.)

Instead of timely appealing that decision, Plaintiff filed suit in this Court on September 8, 2021. (D.E. 1.) The Complaint alleges that Defendants violated the federal Fair Labor Standards Act ("FLSA") (Counts I and II), the New Jersey Labor Law (Count III), and the New Jersey Wage and Hour Law ("NJWHL") (Count IV) by underpaying Plaintiff. (*See* Compl. ¶¶ 37–56.) The Complaint also alleges that Defendants violated the NJWHL's recordkeeping requirements. (*See id.* ¶¶ 57–59.) Defendants subsequently filed the instant Motion to Dismiss, arguing that Plaintiff's claims are barred by *res judicata*, and the parties timely completed briefing. (D.E. 11, 13, 14.)

## II.  LEGAL STANDARD

An adequate complaint must be "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This Rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *see also Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (stating that Rule 8 "requires a 'showing,' rather than a blanket assertion, of an entitlement to relief").

In considering a Motion to Dismiss under Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips*, 515 F.3d at 231 (citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## III.  DISCUSSION

In moving to dismiss, Defendants argue that *res judicata* bars litigation of any claims that the NJDOLWD already decided at the Agency Hearing. (*See* D.E. 11-1 at 4–7; D.E. 14 at 1–5.) Claim preclusion, or *res judicata*,[1] bars a party from asserting claims that were brought, or could have been brought, in a previous action. *In re Mullarkey*, 536 F.3d 215, 225 (3d Cir. 2008) (citation omitted). Under applicable New Jersey law,[2] for claim preclusion to apply: "(1) the judgment in the prior action must be valid, final, and on the merits; (2) the parties in the later action must be identical to or in privity with those in the prior action; and (3) the claim in the later action must

---

[1] The wider and "preferred usage" of the term *res judicata* "encompasses both claim and issue preclusion." *United States v. 5 Unlabeled Boxes*, 572 F.3d 169, 174 (3d Cir. 2009) (quotation omitted). "[R]es judicata, when used narrowly, refers to claim preclusion," while "[c]ollateral estoppel customarily refers to issue preclusion." *Id.*

[2] Because a New Jersey agency adjudicated the original action, this Court looks to New Jersey law "[t]o determine the preclusive effect" of the agency's judgment. *Greenleaf v. Garlock, Inc.*, 174 F.3d 352, 357 (3d Cir. 1999) (citations omitted).

grow out of the same transaction or occurrence as the claim in the earlier one." *Watkins v. Resorts Int'l Hotel & Casino, Inc.*, 591 A.2d 592, 599 (N.J. 1991) (citations omitted); *see Mullarkey*, 536 F.3d at 225. Here, Plaintiff concedes that the same parties are involved in the current lawsuit. (*See* D.E. 13 at 4.) Thus, the only issues in dispute are whether the NJDOLWD's judgment was valid, final, and on the merits, and whether Plaintiff's present claims grow out of the same occurrence as his NJDOLWD claims.

First, "[w]hen an administrative agency is acting in a judicial capacity and resolved disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate, the courts [do] not hesitate[] to apply *res judicata* to enforce repose." *United States v. Utah Const. & Min. Co.*, 384 U.S. 394, 422 (1966) (citations omitted). Here, the NJDOLWD Wage Collection Referee issued a valid and on-the-merits judgment in favor of Defendants after a full hearing. (*See* Agency Hearing at Part II, 3:45–3:51 ("I have no other alternative but to rule in favor of the Defendant[s] for no cause.").) Plaintiff had twenty days to appeal the decision under New Jersey law and failed to do so, making it final. *See* N.J.S.A. 34:11-63 ("From any judgment which may be obtained in the wage collection division, . . . either party may, . . . within twenty days after judgment shall be given, appeal to the Superior Court."). To the extent that Plaintiff argues that *res judicata* does not apply to him because he appeared *pro se* at the Agency Hearing, (*see* D.E. 13 at 5), this Court notes that there is no exception to *res judicata* for *pro se* plaintiffs and Plaintiff does not cite to any cases in support of such an exception. Moreover, at the outset of the Agency Hearing, the Wage Collection Referee explicitly informed Plaintiff that he had a right to be represented by an attorney. (*See* Agency Hearing at Part I, 12:42–12:50.) The Wage Collection Referee also provided Plaintiff an opportunity to file a motion to postpone the hearing, to give himself sufficient time to retain an attorney. (*See id.* at Part I, 12:55–13:07.) Plaintiff deliberately decided to proceed without counsel, and his decision does not negate the fact that the NJDOLWD gave him an adequate opportunity to litigate this matter.

Second, Plaintiff alleges that because NJDOLWD's jurisdiction is limited to public New Jersey jobs, the agency did not and could not issue a binding decision on Plaintiff's claims for unpaid wages on federal, New York, Pennsylvania, and Port Authority jobs. (*See* D.E. 13 at 6.) This Court agrees. However, Plaintiff's Complaint is only for claims under the FLSA and New Jersey laws, and it makes no mention of jobs outside New Jersey. (*See* Compl. ¶¶ 37–59.) To the extent that Plaintiff's claims are for wages on New Jersey jobs, those claims are from the same occurrence as his NJDOLWD claims and are barred by *res judicata*. If Plaintiff has a reasonable and good faith basis to allege other claims, he may file an amended complaint within thirty days.[3]

## IV.   CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is **GRANTED.** Plaintiff's claims for unpaid wages from New Jersey jobs are **DISMISSED WITH PREJUDICE**. Plaintiff may file an amended complaint within thirty days. An appropriate order follows.

>                /s/ Susan D. Wigenton
>         **SUSAN D. WIGENTON, U.S.D.J.**

---

[3] This Court reminds Plaintiff that any amended claims for jobs outside New Jersey must specify a basis for this Court to exercise subject matter jurisdiction.

3

Orig: Clerk
cc: Parties
      Jessica S. Allen, U.S.M.J.